UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:15-cv-81685

THE PRINCETON EXCESS AND
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation,

       Petitioner,

v.

DM VENTURES USA LLC, d/b/a DIRTY MARTINI, a Florida Limited Liability Company, THE DIRTY MARTINI GRILLE, LLC, d/b/a DIRTY MARTINI, PAWN SHOP LOUNGE PALM BEACH, INC., a Florida corporation, THE PAWN SHOP LOUNGE PALM BEACH, LLC, d/b/a THE PAWN SHOP LOUNGE, a Florida corporation, EVA PEPAJ, TIFFANY TOTH, JESSICA HINTON, BROOKE JOHNSON a/k/a BROOKE TAYLOR, JESSE GOLDEN, DANIELLE RUIZ, JENNIFER ZHARINOVA, and PAOLA CANAS,

       Respondents.
_____/

## PETITION FOR DECLARATORY JUDGMENT

Petitioner, THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, by and through undersigned counsel, pursuant to the Federal Declaratory Judgment Act 28 U.S.C. § 2201 et seq., hereby requests a Declaratory Judgment as to its legal rights with respect to the Respondents, and states the following:

## Introduction

1. This is an action for declaratory judgment in which THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY ("Princeton") seeks judicial determination of whether two Princeton policies of insurance provide coverage and a duty to defend to Respondents, DM VENTURES USA LLC, d/b/a DIRTY MARTINI, THE DIRTY MARTINI GRILLE, LLC, d/b/a DIRTY MARTINI, PAWN SHOP LOUNGE PALM BEACH, INC., and THE PAWN SHOP LOUNGE PALM BEACH, LLC, d/b/a THE PAWN SHOP LOUNGE ("Lawsuit Defendants") for an underlying lawsuit styled *Eva Pepaj, Tiffany Toth, Jessica Hinton, Brooke Johnson a/k/a Brooke Taylor, Jesse Golden, Danielle Ruiz, Jennifer Zharinova, and Paola Canas*, v. *The Dirty Martini Grille, LLC, d/b/a Dirty Martini, and Pawn Shop Lounge Palm Beach, LLC, d/b/a the Pawn Shop Lounge*, pending in the Circuit Court of the 15th Judicial Circuit of Palm Beach County, Florida, Case Number 502015CA009715XXXXMBAE ("the Lawsuit").

2. The Complaint from the Lawsuit is attached as Exhibit "A."

3. The Plaintiffs in the Lawsuit ("Lawsuit Plaintiffs") are professional models who are suing the bar/night club owning Defendants in the Lawsuit ("Lawsuit Defendants") for the unauthorized use of their images in their promotional materials. Exhibit A, ¶ 14 – 22.

4. In Count I of this Petition Princeton requests that the Court find the Defendants in the Lawsuit are not entitled to a defense or indemnity for the allegations in the Lawsuit under the Princeton policies of insurance. Specifically, Princeton requests that the Court find that the "Exclusion – Field of Entertainment" contains terms that exclude coverage for all claims arising out of the alleged unauthorized use of the models' images in the Lawsuit

5. In Count II, in the event the Court does not find that the "Exclusion – Field of Entertainment" applies to preclude coverage and a duty to defend the Lawsuit, Princeton requests that the Court declare that the Princeton policy does not insure exemplary or punitive damages, and apply the exclusions a, b, e, f, and i in Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions, to preclude coverage and a duty to defend in the Lawsuit.

### Venue, Parties, and Jurisdiction

6. All events giving rise to the underlying Lawsuit and this Petition for Declaratory Judgment took place within Palm Beach County, Florida, and, therefore, venue is proper within the Southern District of Florida.

7. Petitioner, Princeton, is a corporation created, organized, incorporated and existing under the laws of the State of Delaware and with its principal place of business in the State of New Jersey.

8. Respondent DM VENTURES USA LLC d/b/a DIRTY MARTINI is a Florida Limited Liability Company with its principal place of business in Palm Beach County, Florida.

9. Respondent THE DIRTY MARTINI GRILLE, LLC, d/b/a DIRTY MARTINI is a Florida Limited Liability Company with its principal place of business in Palm Beach County, Florida.

10. Respondent PAWN SHOP LOUNGE PALM BEACH, INC., is a Florida Corporation with its principal place of business in Palm Beach County, Florida.

11. Respondent THE PAWN SHOP LOUNGE PALM BEACH, LLC, d/b/a THE PAWN SHOP LOUNGE is a Florida Limited Liability Company with its principal place of business in Palm Beach County, Florida.

12. Respondent Eva Pepaj is a resident of Los Angeles County, in the State of California, is over the age of eighteen (18) and otherwise sui juris.

13. Respondent Tiffany Toth is a resident of Orange County, in the State of California, is over the age of eighteen (18) and otherwise sui juris.

14. Respondent Jessica Hinton is a resident of Los Angeles County, in the State of California, is over the age of eighteen (18) and otherwise sui juris.

15. Respondent Brooke Johnson a/k/a Brooke Taylor is a resident of Santa Barbara County, in the State of California, is over the age of eighteen (18) and otherwise sui juris.

16. Respondent Jesse Golden is a resident of Los Angeles County, in the State of California, is over the age of eighteen (18) and otherwise sui juris.

17. Respondent Danielle Ruiz is a resident of Los Angeles County, in the State of California, is over the age of eighteen (18) and otherwise sui juris.

18. Respondent Jennifer Zharinova is a resident of Los Angeles County, in the State of California, is over the age of eighteen (18) and otherwise sui juris.

19. Respondent Paola Canasis a resident of Los Angeles County, in the State of California, is over the age of eighteen (18) and otherwise sui juris.

20. Jurisdiction is based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332, and the Declaratory Judgment Act, 28 U.S.C. section 2201.

21. The declarations and damages sought concern and amount to damages in excess of $75,000.00.

22. The determination of coverage under the Princeton policy will determine current defense obligations, current legal obligations to settle or tender insurance limits, and other live controversies between the parties due to the Lawsuit.

23. All conditions precedent to this action have been complied with or have been waived.

24. Princeton is unsure of its duties and seeks to avoid either a breach of a legal duty or unnecessary expenditures in the absence of such a duty and therefore requests the Court determine the rights and liabilities under the policy of insurance.

## THE LAWSUIT

25. On or about August 26, 2015, a lawsuit styled *Eva Pepaj, Tiffany Toth, Jessica Hinton, Brooke Johnson a/k/a Brooke Taylor, Jesse Golden, Danielle Ruiz, Jennifer Zharinova, and Paola Canas*, v. *The Dirty Martini Grille, LLC, d/b/a Dirty Martini, and Pawn Shop Lounge Palm Beach, LLC, d/b/a the Pawn Shop Lounge*, pending in the Circuit Court of the 15th Judicial Circuit of Palm Beach County, Florida, Case Number 502015CA009715XXXXMBAE ("the Lawsuit"), was filed. The Complaint to the Lawsuit is attached as Exhibit "A."

26. The Lawsuit Complaint contains the following causes of action:

   i. Violation of Fla. Stat. s. 540.08 for unauthorized publication of name or likeness;

   ii. Civil theft under Fla. Stat. s. 772.11 for violation of Fla. Stat. s. 812.014;

   iii. Violation of the Florida Deceptive and Unfair Trade Practices Act;

   iv. Common law invasion of privacy –misappropriation;

   v. Common law conversion;

   vi. Unfair trade competition;

   vii. Defamation;

   viii. False light invasion of privacy;

   ix. Fraudulent misrepresentation;

    x. Unjust enrichment; and

    xi. Negligence and *respondeat superior*.

27. All of the above cited causes of action arise out of the Lawsuit Defendants allegedly using the Lawsuit Plaintiff's images for advertisements.

## INSURANCE POLICIES

28. Princeton seeks a declaration regarding two surplus lines commercial general liability policies:

    a. Policy number 1RA3GL0000064-01, with Named Insured Pawn Shop Lounge Palm Beach Inc., and Policy Period: 6/10/2015 – 6/10/2016 ("Pawn Shop Policy") (Exhibit B);

    b. Policy number 1RA3GL0000098-01, with Named Insured: DM Ventures USA LLC DBA DIRTY MARTINI, and Policy Period: 8/1/2015 – 8/1/2016 ("Dirty Martini Policy") (Exhibit C).

29. The Lawsuit Defendants, or the real parties in interest in the Lawsuit, have claimed to be the named insureds or additional insureds for the Pawn Shop Policy and/or the Dirty Martini Policy.

30. Both the Pawn Shop Policy and the Dirty Martini Policy contain the following terms:

> Section I – Coverages, Coverage B Personal and Advertising Injury, 1. Insuring Agreement a.:
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.
>
> "Personal and advertising injury" is defined within Section V – Definitions number 14 as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
a.      False arrest, detention or imprisonment;
b.      Malicious prosecution;
c.      The wrongful eviction from, wrongful entry into, or invasion of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
f. The use of another's advertising idea in your "advertisement"; or
g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

An advertisement is defined in Section V – Definitions as follows:

"Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:
a.      Notices that are published include material placed on the Internet or on similar electronic means of communication; and
b.      Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

EXCLUSION- FIELD OF ENTERTAINMENT
This insurance does not apply to any loss, claim, "suit", cost, expense, or liability for damages, directly or indirectly based on, attributable to, arising out of, involving, resulting from or in any way related to:
a. Actual or alleged activity which is claimed to be an intellectual property infringement or violation of any of the following rights or laws: copyright, patent, trade dress, trade secrets, trade name, trademark or service mark;
b. Actual or alleged invasion of privacy;
c. Actual or alleged libel, slander, or any form of defamation;
d. Actual or alleged unauthorized use of titles, slogans, names, formats, ideas, characters, artwork, theme, plots or other material;
e. Actual or alleged infringement of copyright or common law rights in literary, artistic or musical material, or actual or alleged infringement of literary, artistic or musical rights codes;

**COUNT I – DECLARATORY JUDGMENT ON THE FIELD OF ENTERTAINMENT EXCLUSION**

31. Princeton incorporates and re-alleges the allegations in paragraphs 1 through 30 as if fully set forth herein.

32. The Field of Entertainment Exclusion applies on the face the Lawsuit complaint.

33. The allegations in the Lawsuit Complaint trigger the "personal and advertising injury" coverage (Coverage B) because they were publications that allegedly associated these models with the Lawsuit Defendants, which are night-club entities and owners (definition d, cited above), and they are alleged to violate the rights of privacy of the models (definition e). Further, the publications were "advertisements" pursuant to that definition because they openly solicited customers to come to the night club for various promotions.

34. Since the conduct which forms the basis for all causes of action contained within the Lawsuit Complaint is the same (publication of advertisements with unlicensed images), the causes of action alleged are all based on, attributable to, arising out of, involving, resulting from or in any way related to those causes of action which are excluded by the Field of Entertainment Exclusion for intellectual property infringement, trademark, invasion of privacy, and defamation.

WHEREFORE, Princeton is unsure of its duties and rights as to its insureds and potential insureds and seeks to avoid either a breach of a legal duty or unnecessary expenditures in the absence of such a duty and, therefore, requests the Court determine the rights and liability pursuant to the policies, by finding Princeton's Field of Entertainment Exclusion precludes the duty to defend or indemnify the Lawsuit Defendants for the claims in the Lawsuit, and any other relief this Court deems just and equitable.

### COUNT II– DECLARATORY JUDGMENT AS TO OTHER EXCLUSIONS

35. Princeton incorporates and re-alleges the allegations in paragraphs 1 through 30 as if fully set forth herein.

36. Princeton requests that the Court declare that the Princeton policy does not provide coverage for exemplary or punitive damages. The policies contain the following exclusion:

> EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES
> This policy does not apply to punitive or exemplary damages. If a claim or "suit" is brought against the insured hereunder seeking compensatory damages and punitive or exemplary damages, this policy will not pay for any claim, costs, expense, interest, costs of defense or any damages or liability relating in any way to or attributable to punitive or exemplary damages.

37. Princeton requests that the Court declare that the Princeton policy does not provide coverage for material published prior to the policy period. The policies contain the following exclusion at Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions:

> This insurance does not apply to:
>
> c. Material Published Prior To Policy Period
> "Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

38. As alleged in the Lawsuit Complaint, some of the alleged material was published by the Lawsuit Defendants prior to the policy periods of the Princeton insurance policies.

39. Princeton requests that the Court declare that exclusion a in Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions, precludes coverage and a duty to defend in the Lawsuit. That section reads:

> This insurance does not apply to:
>
> a. Knowing Violation of Rights of Another
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

40. Upon information and belief, and as alleged in the Lawsuit, the Lawsuit Defendants published the materials at issue with the knowledge that the acts would violate the rights of another and would inflict "personal and advertising injury".

41. Princeton requests that the Court declare that exclusion b in Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions, precludes coverage and a duty to defend in the Lawsuit. That section reads:

> This insurance does not apply to:
>
> > b. Material Published with Knowledge of Falsity
> > "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

42. Upon information and belief, and as alleged in the Lawsuit, the Lawsuit Defendants published the materials at issue with the knowledge of its falsity.

43. Princeton requests that the Court declare that exclusion e in Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions, precludes coverage and a duty to defend in the Lawsuit. That section reads:

> This insurance does not apply to:
>
> > e.  Contractual Liability
> > "Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

44. Upon information and belief, the Lawsuit Defendants liability was assumed in a contract or agreement.

45. Princeton requests that the Court declare that exclusion f in Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions, precludes coverage and a duty to defend in the Lawsuit. That section reads:

> This insurance does not apply to:
>
> > f. "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

46. Upon information and belief, the Lawsuit Defendants liability arose out of the breach of a contract.

47. Princeton requests that the Court declare that exclusion i in Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions, precludes coverage and a duty to defend in the Lawsuit. That section reads:

> This insurance does not apply to:
>
> > i. Infringement of Copyright, Patent, Trademark or Trade Secret
> > "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.
> > However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

48. Upon information and belief, and as alleged in the Lawsuit, the Lawsuit Defendants publication of the materials arose out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

   WHEREFORE, Princeton is unsure of its duties and rights as to its insureds and potential insureds and seeks to avoid either a breach of a legal duty or unnecessary expenditures in the absence of such a duty and, therefore, requests the Court determine the rights and liability pursuant to the policies, by finding Princeton's exclusions above preclude coverage and a duty to defend, and preclude coverage for punitive or exemplary damages, and any other relief this Court deems just and equitable.

Dated: December 10, 2015                         Respectfully submitted,


                                                 BY:  /s/ Joseph M. Winsby_____
                                                 MICHAEL M. MULLEN, ESQ.
                                                 Fla. Bar No. 30573
                                                 E-mail mmullen@gaebemullen.com
                                                 JOSEPH M. WINSBY, ESQ.
                                                 Fla. Bar No.: 73965
                                                 E-mail jwinsby@gaebemullen.com
                                                 GAEBE, MULLEN, ANTONELLI & DIMATTEO
                                                 420 South Dixie Highway, Third Floor
                                                 Coral Gables, FL 33146
                                                 Tel 305-667-0223
                                                 Fax 305-284-9844

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was filed using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney: **Joseph M. Winsby**, Gaebe, Mullen, Antonelli & DiMatteo, jwinsby@gaebemullen.com, 420 S. Dixie Highway, 3rd Floor, Coral Gables, FL 33146.

BY:  /s/ Joseph M. Winsby
MICHAEL M. MULLEN, ESQ.
Fla. Bar No. 30573
E-mail mmullen@gaebemullen.com
JOSEPH M. WINSBY, ESQ.
Fla. Bar No.: 73965
E-mail jwinsby@gaebemullen.com
GAEBE, MULLEN, ANTONELLI & DIMATTEO
420 South Dixie Highway, Third Floor
Coral Gables, FL 33146
Tel 305-667-0223
Fax 305-284-9844
