UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 9:15-cv-81685-DMM

THE PRINCETON EXCESS AND
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation,

    Petitioner,

vs.

DM VENTURES USA LLC d/b/a DIRTY
MARTINI, a Florida Limited Liability Company,
THE DIRTY MARTINI GRILLE, LLC, d/b/a
DIRTY MARTINI, PAWN SHOP LOUNGE
PALM BEACH, INC., a Florida corporation,
THE PAWN SHOP LOUNGE PALM BEACH,
LLC d/b/a THE PAWN SHOP LOUNGE, a
Florida corporation, EVA PEPAJ; TIFFANY
TOTH; JESSICA HINTON; BROOKE
JOHNSON a/k/a BROOKE TAYLOR; JESSE
GOLDEN; DANIELLE RUIZ; JENNIFER
ZHARINOVA; and PAOLA CANAS,

    Respondents.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES AND**
**<u>COUNTER CLAIM/CROSSCLAIM FOR DECLARATORY JUDGMENT</u>**

    The Respondents, DM VENTURES USA LLC d/b/a DIRTY MARTINI, a Florida

Limited Liability Company, THE DIRTY MARTINI GRILLE, LLC, d/b/a DIRTY MARTINI,

THE PAWN SHOP LOUNGE PALM BEACH, LLC d/b/a THE PAWN SHOP LOUNGE,

(collectively referred to herein as the "INSUREDS"), file this Answer and Affirmative

Defenses to the Petition of THE PRINCETON EXCESS AND SURPLUS LINES

INSURANCE COMPANY ( herein "PRINCETON") and Counterclaim/Crossclaim for

Declaratory Judgment against PRINCETON and co-Respondents, EVA PEPAJ,

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 2 of 13

TIFFANY TOTH, JESSICA HINTON, BROOKE JOHNSON, JESSE GOLDEN,

DANIELLE RUIZ, JENNIFER ZHARINOVA and PAOLA CANAS (collectively referred to

herein as "CLAIMANTS"); and state as follows:

## ANSWER AND AFFIRMATIVE DEFENSES

1. Admitted that PRINCETON has brought a declaratory action.
2. Admitted.
3. Without knowledge and therefore denied.
4. Denied.
5. Denied.
6. Admitted for jurisdictional purposes only.
7. Without knowledge and therefore denied.
8. Admitted.
9. Admitted.
10. Denied.
11. Admitted.
12. Without knowledge and therefore they are denied.
13. Without knowledge and therefore they are denied.
14. Without knowledge and therefore they are denied.
15. Without knowledge and therefore they are denied.
16. Without knowledge and therefore they are denied.
17. Without knowledge and therefore they are denied.
18. Without knowledge and therefore they are denied.

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 3 of 13

19. Without knowledge and therefore they are denied.

20. Admitted.

21. Admitted for jurisdictional purposes only.

22. Without knowledge and therefore they are denied.

23. Without knowledge and therefore they are denied.

24. Without knowledge and therefore they are denied.

25. Admitted.

26. Admitted but the underlying Complaint has since been twice amended.

27. Denied.

28. Admitted that the Petitioner is seeking a declaration from this Court.

29. Admitted.

30. Admitted that the policies contain terms providing for certain coverages for "personal and advertising injury" including, inter alia, invasion of privacy, slander and libel and that the exclusions completely swallow or eliminates these coverages.  The policy speaks for itself.

## COUNT I

31. The INSUREDS re-incorporate their responses to paragraphs 1-30.

32. Denied.

33. Admitted that the allegations of the underlying Lawsuit Complaint triggers coverage under the subject policies.

34. Denied.

35.

Case 9:15-cv-81685-DMM   Document 11   Entered on FLSD Docket 01/14/2016   Page 4 of 13

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 4 of 13

## COUNT II

36. The INSUREDS re-incorporate their responses to paragraphs 1-30.

37. Admitted that the policy contains an exclusion for punitive damages. Otherwise, denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## AFFIRMATIVE DEFENSES

50. The policies at issue in this matter extend coverage for oral or written publications, in any manner, of material that slanders or libels a person. This coverage is ambiguous, inconsistent or illusory because the exclusions completely contradict, swallow and eliminate coverage for slander and libel. As such, PRINCETON is obligated to defend the INSUREDS in the underlying lawsuit.

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 5 of 13

51.     The policies at issue in this matter extend coverage for oral or written publications, in any manner, of material that slanders or libels a person.  This coverage is ambiguous, inconsistent or illusory because the exclusions completely contradict, swallow and eliminate coverage for slander and libel.  As such, PRINCETON is obligated to indemnify the INSUREDS in the underlying lawsuit.

52.     The policies at issue in this matter extend coverage for oral or written publications, in any manner, of material that violates a person's right of privacy.  This coverage is ambiguous, inconsistent or illusory because the exclusions completely contradict, swallow and eliminate coverage for invasion of privacy.  As such, PRINCETON is obligated to defend the INSUREDS in the underlying lawsuit.

53.     The policies at issue in this matter explicitly extend coverage for oral or written publications, in any manner, of material that violates a person's right of privacy.  This coverage is ambiguous, inconsistent or illusory because the exclusions completely contradict, swallow and eliminate coverage for invasion of privacy.  As such, PRINCETON is obligated to indemnify the INSUREDS in the underlying lawsuit.

54.     The policy provisions upon which PRINCETON relies are ambiguous and must be construed in favor of coverage.

55.     The exclusions upon which PRINCETON relies completely contradict the insuring provisions resulting in illusory coverage and therefore the policies must be construed against PRINCETON and in favor of coverage for the INSUREDS.

56.     The subject policies provide coverage for certain advertising activities and then exclude those same activities.  Such inconsistencies, contradictions and

Case 9:15-cv-81685-DMM   Document 11   Entered on FLSD Docket 01/14/2016   Page 6 of 13

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 6 of 13

ambiguities must be resolved in favor of coverage for the INSUREDS.

57. The terms of the policies upon which PRINCETON relies create an illusory coverage and must be construed in favor of coverage as the policies grant rights in one paragraph and then retract the very same rights in another paragraph called an "exclusion".

58. PRINCETON, through its agents, promised it would provide coverage for the INSUREDS' businesses, and the INSUREDS reasonably relied on that promise. PRINCETON has now changed that position by denying coverage. Had the INSUREDS known that PRINCETON'S policies excluded coverage entirely for slander, libel and invasion of privacy, they would have obtained substitute coverage. As such, PRINCETON is promissorily stopped from denying coverage for the claims and lawsuit of the CLAIMANTS.

59. Insureds, under the doctrine of reasonable expectations, reasonably understood that the policy as written covered one or more of the claims that are currently pending against Insureds. As such, Insureds are entitled to coverage and defense in underlying litigation.

## COUNTERCLAIM/CROSSCLAIM FOR DECLARATORY JUDGMENT

60. This is an action for declaratory judgment pursuant to Chapter 86 of the Florida Statutes and the Declaratory Judgment Act, 28. U.S.C. § 2201.

61. The Respondent, PAWN SHOP LOUNGE PALM BEACH, LLC d/b/a THE PAWN SHOP LOUNGE, is a Florida Limited Liability Company having its principle place of business in Palm Beach County, Florida.

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 7 of 13

62. The Respondent, THE DIRTY MARTINI GRILLE, LLC, d/b/a DIRTY MARTINI, is a Florida Limited Liability Company having its principle place of business in Palm Beach County, Florida.

63. The Respondent, DM VENTURES USA LLC d/b/a DIRTY MARTINI, is a Florida Limited Liability Company having its principle place of business in Palm Beach County, Florida.

64. The Petitioner, PRINCETON, is a corporation authorized and licensed to do business in the state of Florida and actively engaged in the business of insuring risks of loss that result to policy holders who entered into a policy of commercial general liability coverage including personal and advertising injury inclusive, *inter alia*, of slander, libel, invasion of privacy and use of another's advertising idea.

65. EVA PEPAJ, TIFFANY TOTH, JESSICA HINTON, BROOKE JOHNSON, JESSE GOLDEN, DANIELLE RUIZ, JENNIFER ZHARINOVA and PAOLA CANAS are collectively referred to herein as "CLAIMANTS".  The CLAIMANTS are Plaintiffs in the underlying lawsuit filed against the INSUREDS.  A copy of the Second Amended Complaint in the underlying action is attached as **Exhibit A**.  They are joined in this action because they have an interest in the controversy as their rights may be affected by the judgment requested herein.

66. The Amended Complaint claims, in summary, that the INSUREDS without the prior consent of the CLAIMANTS used their images for commercial purposes to promote and market their business alleging among other causes of action claims for defamation, invasion of privacy and right to publicity.  As a result of the alleged

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 8 of 13

unauthorized use of their images, CLAIMANTS allege losses for financial damages, mental anguish and emotional distress.

67. During the aforementioned period of time, the INSUREDS were continuously insured under a series of commercial general liability insurance policies issued to them by PRINCETON. The applicable insurance policies are as follows:

a) policy number 1RA3GL0000064-01 issued by PRINCETON to PAWN SHOP LOUNGE, a copy of which is attached as **Exhibit B**;

b) policy number 1RA3GL0000098-01 issued by PRINCETON, to DM VENTURES, a copy of which is attached as **Exhibit C**.

68. PRINCETON has declined and otherwise refused to provide a defense to and indemnify INSUREDS from any claim in the above referenced lawsuit action. PRINCETON has claimed that coverage does not exist under the aforementioned policies of insurance for the claims made by the CLAIMANTS against the INSUREDS. Thus, INSUREDS seek a declaratory judgment from this court determining PRINCETON's obligations to defend and indemnify the INSUREDS for the claims made against them by the CLAIMANTS.

69. PRINCETON has advised INSUREDS, through correspondence dated September 21, 2015, that it denies any obligation to defend and indemnify them for any and all claims made by the CLAIMANTS in the above-referenced lawsuit against INSUREDS. The basis for PRINCETON's belief that coverage may not exist under the policies of insurance referred to above are set forth in the letter attached as **Exhibit D**.

70. The INSUREDS believe that coverage exists under the policies of

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 9 of 13

insurance referred to above for the claims brought against them by the CLAIMANTS and that the limitations and exclusions relied upon by PRINCETON in asserting that coverage does not exist are based upon an improper interpretation of the policies and Florida law. Insureds also had a reasonable expectation that coverage existed based upon the language of the policies.

71. Based upon the foregoing, the INSUREDS are in doubt as to their rights under the terms and provisions of the subject policies of insurance and the law of the state of Florida.

72. All conditions precedent to the bringing of this lawsuit have been performed, are satisfied, or are otherwise waived and excused.

73. The INSUREDS have been compelled to hire Pincus & Currier LLP to defend them in the underlying lawsuit and to bring this declaratory judgment action. The INSUREDS are entitled to recover attorneys' fees pursuant to Fla. Stat. § 627.428.

74. There is a bona fide, present dispute amongst the parties regarding their rights and obligations under the subject policies of insurance.

75. There is a bona fide, present need for the declaration requested herein. The requested declaration deals with a presently ascertainable state of facts.

76. The rights of the INSUREDS herein are dependent upon the facts set forth herein or the law applicable to these facts.

77. The parties to this action have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or in law.

78. The antagonistic and adverse interests are all before the court by proper

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 10 of 13

process.

79.     The relief sought is not merely the giving of legal advice by the court in the above, or the answer to questions propounded from curiosity.

Wherefore, the Respondents, DM VENTURES USA LLC d/b/a DIRTY MARTINI, a Florida Limited Liability Company, THE DIRTY MARTINI GRILLE, LLC, d/b/a DIRTY MARTINI, THE PAWN SHOP LOUNGE PALM BEACH, LLC d/b/a THE PAWN SHOP LOUNGE, a Florida Limited Liability Company respectfully request that this court:

   a) take jurisdiction over this matter for purposes of entering a declaratory decree;

   b) having taken jurisdiction, enter a judgment declaring that PRINCETON has a continuing duty to defend the INSUREDS in the lawsuit brought against them by the CLAIMANTS and that PRINCETON has a duty to indemnify the INSUREDS under one or more of the above-referenced policies of insurance for the claims brought against them by the CLAIMANTS;

   c) award the INSUREDS damages for the legal fees and costs they incur in the underlying lawsuit;

   d) grant the INSUREDS such other and further relief as the court shall deem appropriate; and,

   e) retain jurisdiction of the parties and subject matter in order to assess attorneys' fees and costs against PRINCETON pursuant to Florida Statute §627.428 and other relevant provisions of the law of the state of Florida including the awarding of attorneys' fees and costs incurred by these INSUREDS in defending this action and the underlying lawsuit.

The INSUREDS demand a trial by jury of all issues so triable by law.

Dated: January 13, 2016

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 11 of 13

Respectfully submitted,

STEVEN B. PHILLIPS, ESQ
Florida Bar Number: 893374
Primary Email: sphillips@pincusandcurrier.com
**PINCUS AND CURRIER LLP**
*Counsel for Respondents*
**DM VENTURES USA LLC,**
**THE DIRTY MARTINI GRILLE, LLC,**
**PAWN SHOP LOUNGE PALM BEACH, INC. and**
**THE PAWN SHOP LOUNGE PALM BEACH, LLC**

324 North Lakeside Court
West Palm Beach, FL 33407
Tel: (561) 868-1340
Fax: (561) 366-1310


By: /s/ *Steven B. Phillips*
      Steven B. Phillips, Esq.
      Florida Bar No.: 893374

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 12 of 13

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 13, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Steven B. Phillips*
Steven B. Phillips, Esq.
Florida Bar No.: 893374

# SERVICE LIST

*The Princeton Excess and Surplus Lines Insurance Company*
*v.*
*DM Ventures USA LLC et al.*

**CASE NO.: 9:15-cv-81685-DMM**

**United States District Court, Southern District of Florida**

Michael Andrew Mullen, Esq.
Gaebe Mullen Antonelli & Dimatteo,
420 S. Dixie Highway, 3rd Floor
Coral Gables, FL 33146
Tel: (305) 667-0223
Fax: (305) 284-9844
Primary Email: jlopez@gaebemullen.com
Counsel for Plaintiff, The Princeton Excess and Surplus Lines Insurance Company.

*Dirty Martini v. Princeton Insurance*
Answer and Affirmative Defenses and Counterclaim for Declaratory Judgment
Page 13 of 13

Joseph Maxwell Winsby, Esq.
Gaebe Mullen Antonelli & Dimatteo,
420 S. Dixie Highway, 3rd Floor
Coral Gables, FL 33146
Tel: (305) 667-0223
Fax: (305) 284-9844
Primary Email: jwinsby@gaebenmullen.com
Counsel for Plaintiff, The Princeton Excess and Surplus Lines Insurance Company.

Steven B. Phillips, Esq.
Pincus and Currier LLP
324 North Lakeside Court
West Palm Beach, FL   33407
Tel.: (561) 868-1340
Fax: (561) 366-1310
Primary Email: sphillips@pincusandcurrier.com
Secondary Email: tstevenson@pincusandcurrier.com
Counsel for Defendants, DM Ventures USA LLC; The Dirty Martini Grille, LLC; Pawn Shop Lounge Palm Beach, Inc.; The Pawn Shop Lounge Palm Beach, LLC

Romin N. Currier, Esq.
Pincus and Currier LLP
324 North Lakeside Court
West Palm Beach, FL   33407
Tel.: (561) 868-1340
Fax: (561) 366-1310
Primary Email: rcurrier@pincusandcurrier.com
Secondary Email: ccastillo@pincusandcurrier.com
Counsel for Defendants, DM Ventures USA LLC; The Dirty Martini Grille, LLC; Pawn Shop Lounge Palm Beach, Inc.; The Pawn Shop Lounge Palm Beach, LLC

Sarah Melissa Cabarcas, Esq.
The Casas Law Firm, P.C.
80 S.W. 8th Street, Suite 2000
Miami, FL 33130
Tel: (786) 671-3244
Fax: (786) 671-3243
Primary Email: sarah@casaslawfirm.com
Secondary Email: mila@casaslawfim.com
  dennis@casaslawfirm.com
Counsel for Defendants, Eva Pepaj; Tiffany Toth; Jessica Hinton; Brooke Johnson a/k/a Brooke Taylor; Jesse Golden; Danielle Ruiz; Jennifer Zharinova; Paola Canas