UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:15-cv-81685

THE PRINCETON EXCESS AND
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation,

       Petitioner,

v.

DM VENTURES USA LLC, d/b/a DIRTY MARTINI, a Florida Limited Liability Company, THE DIRTY MARTINI GRILLE, LLC, d/b/a DIRTY MARTINI, PAWN SHOP LOUNGE PALM BEACH, INC., a Florida corporation, THE PAWN SHOP LOUNGE PALM BEACH, LLC, d/b/a THE PAWN SHOP LOUNGE, a Florida corporation, EVA PEPAJ, TIFFANY TOTH, JESSICA HINTON, BROOKE JOHNSON a/k/a BROOKE TAYLOR, JESSE GOLDEN, DANIELLE RUIZ, JENNIFER ZHARINOVA, and PAOLA CANAS,

       Respondents.
_____/

**PRINCETON'S SECOND ANSWER AND AFFIRMATIVE DEFENSES TO MODELS' COUNTERCLAIM/CROSSCLAIM**

Counterclaim/Crossclaim Defendant, THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY ("Princeton"), by and through undersigned counsel, hereby responds to the Models Counterclaim/Crossclaim for Declaratory Judgment [DE # 21], and states the following:

## Answer

62. Princeton admits the allegations in paragraph 62 for jurisdictional purposes only.

63. Princeton admits the allegations in paragraph 63.

64. Princeton admits the allegations in paragraph 64.

65. Princeton admits the allegations in paragraph 65.

66. Princeton denies the allegations in paragraph 66. Princeton is a surplus lines insurer enabled to issue policies pursuant to Florida Statute 626.918(2)(B), and the policies at issue speak for themselves and are too intricate to reframe here.

67. Princeton admits the allegations in paragraph 67.

68. Princeton denies the allegations in paragraph 68 as phrased and would refer to the specific allegations of the Second Amended Complaint.

69. Princeton denies the allegations in paragraph 69 regarding the aforementioned period of time that is not indicated, but admits the applicable insurance policies of insurance are listed.

70. Princeton denies the allegations in paragraph 70 as phrased, and states that it has denied coverage to the Insureds for the Lawsuit claims.

71. Princeton denies the allegations in paragraph 71.

72. Princeton denies the allegations in paragraph 72.

73. Princeton denies the allegations in paragraph 73.

74. Princeton denies the allegations in paragraph 74.

75. Princeton admits the allegations in paragraph 75.

76. Princeton admits the allegations in paragraph 76.

77. Princeton admits the allegations in paragraph 77.

78. Princeton admits the allegations in paragraph 78.

79. Princeton admits the allegations in paragraph 79

80. Princeton admits the allegations in paragraph 80.

## General Denial

Princeton hereby denies any allegation not specifically admitted herein.

## Affirmative Defenses

In further response to the Models' Counterclaim/Crossclaim, Princeton alleges the following affirmative defenses:

1. Coverage of the Models for the Lawsuit is excluded under the Field of Entertainment exclusion.

2. Upon information and belief, and as alleged in the Lawsuit, the Insureds published the materials at issue with the knowledge that the acts would violate the rights of another and would inflict "personal and advertising injury". Therefore, coverage is excluded for the Insureds under Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions, a. Knowing Violation of Rights of Another.

3. Upon information and belief, and as alleged in the Lawsuit, the Insureds published the materials at issue with the knowledge of its falsity.  Therefore, coverage is excluded under exclusion b in Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions, b. Material Published with Knowledge of Falsity.

4. Upon information and belief, the Insureds' liability was assumed in a contract or agreement. Therefore, coverage is excluded under exclusion e in Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions, e. Contractual Liability.

5. Upon information and belief, the Insureds' liability arose out of the breach of a contract. Therefore, coverage is excluded under exclusion f in Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions, f. "Personal and advertising injury"

6. Upon information and belief, and as alleged in the Lawsuit, Insureds' publication of the materials arose out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Therefore, coverage is excluded in Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions, i. Infringement of Copyright, Patent, Trademark or Trade Secret.

7. To the extent that material at issue in the Second Amended Complaint was published prior to the policy period, those claims are excluded by Section I – Coverages, Coverage B Personal and Advertising Injury, 2. Exclusions: c. Material Published Prior To Policy Period.

8. Princeton hereby reserves its rights to assert any and all affirmative defenses as may become apparent during the discovery process.

Dated: February 12, 2016                           Respectfully submitted,

                                      BY: _/s/ Joseph M. Winsby_____
MICHAEL M. MULLEN, ESQ.
Fla. Bar No. 30573
E-mail mmullen@gaebemullen.com
JOSEPH M. WINSBY, ESQ.
Fla. Bar No.: 73965
E-mail jwinsby@gaebemullen.com
GAEBE, MULLEN, ANTONELLI & DIMATTEO
420 South Dixie Highway, Third Floor
Coral Gables, FL 33146
Tel 305-667-0223
Fax 305-284-9844

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was filed using the CM/ECF system, which will automatically send e-mail notification to all parties.

BY:  /s/ Joseph M. Winsby
MICHAEL M. MULLEN, ESQ.
Fla. Bar No. 30573
E-mail mmullen@gaebemullen.com
JOSEPH M. WINSBY, ESQ.
Fla. Bar No.: 73965
E-mail jwinsby@gaebemullen.com
GAEBE, MULLEN, ANTONELLI & DIMATTEO
420 South Dixie Highway, Third Floor
Coral Gables, FL 33146
Tel 305-667-0223
Fax 305-284-9844
